MATTER OF S——

## In EXCLUSION Proceedings

### A-11275206

*Decided by Board December 23, 1958*

**Citizenship—Acquisition by child born abroad—Section 301(a)(7), (b), and (c) of Immigration and Nationality Act—Failure to retain under section 201(g) and (h), Nationality Act of 1940—Savings clause, section 405, Immigration and Nationality Act.**

(1) A person who acquired United States citizenship on July 12, 1934, at time of birth abroad (to a United States citizen parent and an alien parent) under section 1993 of the Revised Statutes, as amended, and who failed to take up residence in the United States prior to her sixteenth birthday as required by section 201(g) and (h) of the Nationality Act of 1940, retains her United States citizenship when she complies with the provisions of section 301(b) of the Immigration and Nationality Act by coming to the United States prior to her twenty-third birthday and establishing physical presence in the United States for a continuous period of five years. (*Matter of B——*, 5 I. & N. Dec. 291 (1953), overruled.)

(2) Where such person was incorrectly informed by an American consular officer on January 8, 1957, before her twenty-third birthday, that she had lost her United States citizenship, and in reliance upon such information and without any lack of diligence on her part did not apply for and receive a United States passport until after her twenty-third birthday and proceeded immediately upon passport issuance to this country, she is entitled to admission as a United States citizen.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.
Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No unexpired passport.

### BEFORE THE BOARD

**Discussion:** Appellant is a 24-year-old married female who was born in Italy on July 12, 1934. She arrived in the United States at New York via air on June 4, 1958, and applied for admission as a United States citizen. She was in possession of a United States passport issued May 23, 1958, at Rome, Italy. This was the only document in her possession. The special inquiry officer ordered that she be excluded and deported from the United States as an alien immigrant not in possession of the necessary documents. She

appeals to this Board from that decision, asserting her right to admission as a citizen of the United States.

Appellant was never in the United States prior to her application for entry on June 4, 1958. Her father was born in the United States at Philadelphia, Pennsylvania, on July 23, 1908, and is, therefore, a United States citizen by birth. He was married in Italy on December 20, 1930, to a woman who was not a citizen of the United States and who, at that time, had never been in the United States. Appellant acquired citizenship of the United States at birth under section 1993 of the Revised Statutes of the United States, as amended by the Act of May 24, 1934. Under section 201 (g) of the Nationality Act of 1940 [1] it was necessary for appellant to arrive in the United States before she became 16 in order to retain her United States citizenship. Following the enactment of the Immigration and Nationality Act of 1952 [2] the provision was liberalized to extend her citizenship so that she might retain it if she took up residence in the United States before reaching age 23 years and if she remained in this country for 5 years following her entry. At the time of appellant's arrival in the United States she was more than 23 years of age, and the special inquiry officer held

[1] Section 201. The following shall be nationals and citizens of the United States at birth: * * * (g) A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien: *Provided*, That in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty-one years: *Provided further*, That, if the child has not taken up a residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such a time that it becomes impossible for him to complete the five years' residence in the United States or its outlying possessions before reaching the age of twenty-one years, his American citizenship shall thereupon cease. * * *

[2] SEC. 301. (a) The following shall be nationals and citizens of the United States at birth: * * * (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years * * *

(b) Any person who is a national and citizen of the United States at birth under paragraph (7) of subsection (a), shall lose his nationality and citizenship unless he shall come to the United States prior to attaining the age of twenty-three years and shall immediately following any such coming be continuously physically present in the United States for at least five years * * *. [Amended by section 16, P.L. 85–316, but amendment not pertinent here.]

(c) Subsection (b) shall apply to a person born abroad subsequent to May 24, 1934 * * *.

she had lost her United States citizenship. At the time of her hearing before the special inquiry officer she did not know, and at the time of oral argument before this Board her attorney and the Service representative had not yet been informed, of the rationale for the issuance of a United States passport to her by the American Embassy at Rome even though she was more than age 23.

An inquiry concerning the citizenship status of appellant was addressed by the District Director of the Immigration and Naturalization Service at Philadelphia on October 9, 1958, to the Chief of the Foreign Adjudications Division, Passport Office, Department of State. The responsive communication has been referred to us. It states that the records of the Passport Office show that appellant's father listed her as his minor child in connection with his passport application executed at the American Embassy at Rome on January 31, 1950. On January 8, 1957, her brother listed her as his sister in connection with his registration application also executed at the American Embassy at Rome. Appellant first made formal application for a passport on May 9, 1958. (She was by then more than 23 years old.) The State Department further advises as follows (in pertinent part):

It has been the long-standing practice of the American Consular posts abroad, including the Rome Embassy, to inform applicants for passports or registrations of the citizenship status of other members of their families listed in connection with their applications. Our Embassy at Rome has reported that it has no reason to believe that Mrs. S—— was not so informed through her father and brother on January 31, 1950, and January 8, 1957, respectively. In view of our interpretation of section 301(b) and (c) of the Immigration and Nationality Act prior to the decision in the case of *Lee You Fee* v. *Dulles*,[3] this office takes the position that Mrs. S—— was incorrectly informed on January 8, 1957 by the Rome Embassy, through her brother, that she had lost her United States citizenship under section 201 (g) and (h) of the Nationality Act by reason of her failure to take up United States residence prior to her sixteenth birthday. Consequently, the Passport Office considers that Mrs. S——'s failure to establish her residence in the United States prior to her twenty-third birthday must be attributed to the fault of the United States Government. We also consider that for the purpose of complying with the five-year physical presence requirement of section 301 (b), as amended, Mrs. S—— may be regarded to have been constructively physically present in the United States at least for a period of time to enable her to comply with the retention of citizenship requirement of the same section.

In view of the above the American Embassy at Rome issued on May 23, 1958 United States passport No. 89095 to E——D——M——S——.

The action taken in this case is in accordance with State Department memoranda [4] wherein the Department of State outlined the categories of persons who would be considered eligible for documentation as United States citizens, even though they had failed to

---

[3] 355 U.S. 61 (1957).

[4] Memo CA-7479, March 3, 1958, as amended by a memorandum of October 14, 1958.

establish residence in this country prior to reaching age 23. These memoranda refer to changes in the interpretation of section 301 (b) and (c) of the Immigration and Nationality Act, resulting from the ruling of the Solicitor General and the affirmance thereof by the Supreme Court in the case of *Lee You Fee* v. *Dulles*, referred to above. It was originally the view of the State Department, the Immigration and Naturalization Service, and this Board that United States citizenship lost under section 201(g) of the Nationality Act of 1940 for failure to come to the United States before age 16 was not restored by section 301 (b) and (c) of the Immigration and Nationality Act (enacted June 27, 1952 and effective December 24, 1952). It was our belief that the savings clause contained in section 405(c)[5] operated in this situation rather than the provision of section 301(c) which says, "Subsection (b) *shall apply* to a person born abroad subsequent to May 24, 1934." This view was set forth in *Matter of B——*, 5 I. & N. Dec. 291 (B.I.A., 1953), which we now consider overruled. The Circuit Court lated adhered to this position in *Lee You Fee* v. *Dulles*, 236 F.2d 885 (C.A. 7, 1956). However, the Solicitor General of the United States confessed error in this matter and the Supreme Court approved his action reversing the decision of the Circuit Court of Appeals and remanding the case to the District Court with directions to vacate its order (355 U.S. 61 (1957)). A decision following the revised view is *Matter of M——*, 7 I. & N. Dec. 646, which quotes at length from the brief for the Government submitted by the Department of Justice in support of its confession of error in *Lee You Fee*. The conclusion of the Solicitor General was that section 301 (c) renders the general savings clause inapplicable, so that, although a petitioner had lost his citizenship under the 1940 act, he could regain that citizenship under section 301 (b) and (c) of the 1952 act by coming to the United States before he became 23 years of age.

State Department memoranda circulated to all diplomatic and consular posts declared that an applicant over age 25 at time of documentation, who acquired United States citizenship at birth, and who applied for a passport before reaching 23, whose application was disapproved because she had failed to take up residence in the United States before reaching 16, may now be given a United States passport (under conditions enumerated, which are not relevant here because they have been complied with). The memoranda stipulated that the applicant must have been "wrongfully refused documentation" or "misinformed" that she had lost United States

---

[5] SEC. 405. (c) Except as otherwise specifically provided in this Act, the repeal of any statute by this Act shall not terminate nationality heretofore lawfully acquired nor restore nationality heretofore lost under any law of the United States or any treaty to which the United States may have been a party.

citizenship under section 201 (g) of the 1940 act for failure to come to the United States before age 16. She must have been prevented from complying with section 301(b) of the Immigration and Nationality Act by the erroneous previous interpretation of section 301(b) by the State Department. This instruction assumes further that the applicant has never performed any expatriative act and that she previously applied for documentation after June 27, 1952, but before she reached age 23. Applying these principles to the instant case, and assuming that appellant was incorrectly informed through her brother on January 8, 1957, at which time she was not yet 23 years of age, that she had lost her United States citizenship, she falls squarely within the category of persons described in the State Department memoranda as a person who is entitled to a United States passport in spite of the fact that she failed to arrive in theUnited States before she became 23 years of age.

The record shows that a United States passport was issued to G——D——M——, appellant's father, at Rome on January 7, 1955. Appellant's father testified that he filed a petition in Philadelphia for his daughter to come to the United States three-and-a-half years before the hearing. This would place the date of the filing of the petition for appellant early in 1955. Appellant's mother arrived in the United States in May 1956. Her father stated that he at first filed a visa petition to obtain an immigrant visa under the quota for his daughter, but at the time her mother came to the United States in 1956 the American Consul at Naples told his daughter that she could file her own petition, because her father was a United States citizen. After June 27, 1952, the date of the passage of the Immigration and Nationality Act, she was incorrectly informed that she no longer had a claim to United States citizenship. Her failure to arrive in the United States and take up permanent residence here prior to her 23rd birthday was the result of failure of consular officials to provide a United States passport. The record does not establish lack of diligence in protecting her claim to citizenship. There is no way in which she could lawfully have entered the United States to take up permanent residence prior to the date on which she did so. It will be ordered that appellant be admitted to the United States for permanent residence as a United States citizen.

**Order:** It is ordered that the appellant be admitted to the United States as a United States citizen.