## MATTER OF FARLEY

### In Section 341 Proceedings

#### A-13793203

*Decided by District Director February 19, 1905*

*Approved by Assistant Commissioner*

The retention provisions of section 301(b), Immigration and Nationality Act, requiring continuous physical presence in the United States for at least 5 years between the ages of 14 and 28, are fully satisfied by a combination of constructive and actual physical presence in the United States for the requisite period prior to age 28, no physical presence beyond that age being obligatory under said section.

**Discussion:** The subject has applied for a certificate of citizenship, claiming to have acquired citizenship at birth in Canada on July 25, 1935, through a citizen father and an alien mother.

The pertinent statute in effect when the applicant was born was section 1993, Revised Statutes, as amended by the Act of May 24, 1934, providing that any child hereafter born out of the limits and jurisdiction of the United States, whose father or mother, or both, at the time of the birth of such child, is a citizen of the United States, is declared to be a citizen of the United States, but the right of citizenship shall not descend to any such child unless the citizen father or citizen mother, as the case may be, has resided in the United States previous to the birth of such child. In cases where one of the parents is an alien, the right of citizenship shall not descend unless the child comes to the United States and resides therein for at least five years continuously immediately previous to his eighteenth birthday.

The latter part of this section concerning retention of citizenship was changed by the provision of section 201(g) of the Nationality Act of 1940 (54 Stat. 1138–39), effective January 13, 1941, and these in turn were affected by section 301(b) and (c) of the Immigration and Nationality Act, effective December 24, 1952 (8 U.S.C. 1401), quoted below:

Any person who is a national and citizen of the United States at birth under paragraph (7) of subsection (a), shall lose his nationality and citizenship

unless he shall come to the United States prior to attaining the age of twenty-three years and shall immediately following any such coming be continuously physically present in the United States for at least five years: *Provided*, That such physical presence follows the attainment of the age of fourteen years and precedes the age of twenty-eight years.

Subsection (b) shall apply to a person born abroad subsequent to May 24, 1934: *Provided*, however, That nothing contained in this subsection shall be construed to alter or affect the citizenship of any person born abroad subsequent to May 24, 1934, who, prior to the effective date of the Act, has taken up a residence in the United States before attaining the age of sixteen years, and thereafter, whether before or after the effective date of this Act, complies or shall comply with the residence requirement for retention of citizenship specified in subsection (g) and (h) of section 201 of the Nationality Act of 1940, as amended.

The applicant's father was born in Woonsocket, Rhode Island, on July 23, 1909. He was taken to Canada by his parents in 1915. The applicant's parents were married in Canada on April 6, 1932, and he is the legitimate issue of that marriage. His mother was a native and still is a citizen of Canada.

The father has testified that he has voted in Canada since 1945. The record indicates, however, that he was a citizen of the United States on the date of applicant's birth. The applicant testified that he, himself, also voted in Canada in 1954. This was before he knew that he might be a citizen of the United States due to his father's birth in the United States. It is the Service position that a United States citizen who performs an act of an expatriating nature without knowledge that he had ever acquired United States citizenship does not thereby expatriate himself (*Rogers v. Patokoski*, 271 F.2d 858 (1959).; *Matter of C—A—*, 9 I. & N. Dec. 482 (1961); *Matter of C—S—*, 9 I. & N. Dec. 670 (1962)).

The applicant had no knowledge of his possible claim to citizenship until he applied for an immigrant visa at the American Consulate in Montreal, Canada, on February 26, 1963. On the basis of the Attorney General's opinion of May 24, 1962, *Matter of C—S—* (*supra*), it was concluded that he might properly be issued limited documentation as a United States citizen valid for a period to enable him to proceed to the United States. The record discloses that the applicant did enter the United States on March 23, 1963, in possession of a United States citizen's identity card. At that time he was twenty-seven years of age and had never previously been in the United States.

It has been held in *Matter of Yanez-Carrillo*, (Int. Dec. No. 1302, August 29, 1963) that the retention requirement of section 301(b), Immigration and Nationality Act, requiring continuous physical presence in the United States for at least five years between the ages

of fourteen and twenty-eight, does not operate to deprive an individual of United States citizenship until he has had a reasonable opportunity to come to the United States as a United States citizen after learning of such claim to citizenship. It is concluded that the applicant's arrival was timely.

Subsequent to the applicant's initial entry on March 23, 1963, he has returned to Canada on several occasions. He went to Canada on August 3, 1963, and returned to the United States on August 5, 1963; for three days in November 1963; two weeks in December 1963 and from March 28, 1964, to March 31, 1964. These trips were after the applicant's twenty-eighth birthday.

Constructive residence and physical presence in the United States are concepts regularly given effect in the field of immigration and nationality law. Thus, in the *Matter of L—B—D—*, (4 I. & N. Dec. 639 (1952)), in considering the question of whether United States citizenship was retained under a statute which required the child to take up residence in the United States before sixteen years of age, the Attorney General ruled that the retention requirements were satisfied although factually residence was not taken up until after that age because of conditions beyond the control of the child.

In two other cases (*Matter of S—*, 8 I. & N. Dec. 221, and *Matter of S—*, 8 I. & N. Dec. 226 (1958)), the Board of Immigration Appeals had under consideration section 301(b), the identical section of law involved in the present case. In those two cases, factually the coming to the United States and consequently the beginning of physical presence in this country were not in sufficient time to permit a full five-years' presence to accumulate before twenty-eight years of age. The Board, nevertheless, concluded that the applicants were to be regarded as having constructively complied with the provisions of section 301(b). Similarly, in *Matter of S—*, Int. Dec. No. 1252 (1962), subject's absence abroad in the United States Armed Forces during the period of physical presence required by section 301(b) was regarded as constructive physical presence in the United States within the meaning of that section. The conclusions in these cases were based on the fact that failure to comply was due to circumstances beyond the control of the persons involved. In such cases it is equitable not to penalize individuals for circumstances beyond their control. Such a situation would also exist when the failure to come to the United States is due to ignorance of a claim to citizenship. In the instant case, it is concluded that the concept of constructive physical presence is also applicable in accordance with the principle of law that no conduct results in expatriation unless it is engaged in voluntarily (*Nishikawa* v. *Dulles*, 356 U.S. 129 (1958)).

Although the above cases establish the principle of constructive physical presence, and regard the commencement thereof after age 23 as timely under appropriate circumstances, they are silent with respect to the physical presence requirement subsequent to such a person's arrival in this country. It remains, therefore, to be determined how such retention provisions apply to one who is regarded as having been constructively physically present for a portion of the required five-year period.

The word "constructive" has been defined as "That which is established by the mind of the law in its act of construing facts * * * ; that which has not the character assigned to it in its own essential nature, but acquires such character in consequence of the way in which it is regarded by a rule or policy of law; hence, inferred, implied, made out by legal interpretation." Black's Law Dictionary, 3rd Ed., p. 413.

In this posture, the applicant is regarded, in law, as having been physically present in the United States from a date immediately prior to his 23rd birthday to March 23, 1963, the date upon which he came to the United States. He was factually physically present from that date until July 25, 1963, his 28th birthday. Section 301(b) requires only that the physical presence be between the ages of 14 and 28 years in order that citizenship may be retained. No obligation beyond the 28th birthday is imposed. Accordingly, it is concluded that the applicant's constructive physical presence, coupled with his actual physical presence, amounted to a full compliance with the retention requirements of section 301(b). Having fulfilled the requirements of that statute between his 23rd and 28th birthday, he had no further obligation thereunder and was relieved of any further obligation to retain citizenship.

**ORDER:** It is ordered that the application for a certificate of citizenship be and the same is hereby granted.