MATTER OF PABLEO

In Visa Petition Proceedings

A-13077280

*Decided by District Director November 9, 1967*

Where petitioner, a naturalized U.S. citizen, publicly acknowledged the beneficiary, who was born out of wedlock in the Philippine Islands, as his child; in 1951 received him as such (with the consent of his wife) into his family in the Philippines; and otherwise treated him as if he were a legitimate child, beneficiary's legitimation under section 230 of the Civil Code of California, the State of current residence and domicile of petitioner, was effected in 1951 when he was 11 years of age, notwithstanding the legitimating events occurred outside the State of California and prior to petitioner's acquisition of residence or domicile in that State. Hence, beneficiary comes within the purview of section 101(b)(1)(C), Immigration and Nationality Act, as amended, and is entitled to preference classification under section 203(a)(1) of the Act, as amended, as the unmarried son of the U.S. citizen petitioner.

IN BEHALF OF PETITIONER:  Hiram W. Kwan, Esquire
1011 North Broadway, Suite 203
Los Angeles, California 90012

The petitioner, a native of the Philippine Islands, a naturalized citizen of the United States, 47 years of age, male, seeks preference quota status in behalf of the beneficiary for classification under section 203(a)(1) of the Immigration and Nationality Act, as amended, as his unmarried son. The beneficiary is a native and citizen of the Republic of the Philippines, unmarried, 26 years old, born out of wedlock to one Carmen Banga, a native and citizen of the Philippines. The petitioner alleges he is the natural father of the beneficiary and claims legitimation of the beneficiary under the provisions of section 230 of the California Civil Code.

The petitioner does not claim that the beneficiary was legitimated under the laws of the Republic of the Philippines nor does the record so indicate.

The petitioner has not supported his petition with a judgment of legitimation pursuant to section 230 of the California Civil Code by a competent court, but no such judgment is a requisite to a finding that legitimation has occurred under that statute.

503

Section 230 of the California Civil Code, which has been construed as an out-and-out statute of legitmation (*Ballantine v. De Silva*, 226 F.2d 623, 632 (9th Cir., 1955, affirmed 351 U.S. 570, rehearing denied, 352 U.S. 907), provides: "The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were his legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth".

The petitioner has stated under oath that the birth of the beneficiary was registered by his (petitioner's) father as the child of the petitioner, which was done as he directed because the petitioner was at that time in the Philippine Army and unable to personally register the birth. Evidence has been presented that all records of birth, marriage and death, pertaining to the years prior to the outbreak of World War II were destroyed during the Japanese military occupation in the city and province of Cebu, Republic of the Philippines. The certification of the record of the birth of the beneficiary cannot therefore be issued. The beneficiary's certificate of baptism, recording his baptism on May 26, 1940 shows that he is the son of the petitioner, Getulio Pableo. The beneficiary's school records for the years 1957 through 1961 show him to be enrolled under the surname of the petitioner, *i.e.*, Pableo. The petitioner claims he has always publicly acknowledged the beneficiary as his son and supported him since his birth.

Petitioner has testified under oath he was never married to the mother of the beneficiary although there existed no legal impediment to their marriage prior to the time of the beneficiary's birth or until she married another in 1942. The petitioner was married on August 22, 1946 to one Fortunata Kemelesin, a native and citizen of the Philippines. The petitioner was at that time a member of the United States Army and in 1948 on his assignment to service on Okinawa, he sent his wife and son of his marriage to reside in his father's home in Moalboal, Cebu, Philippines. The beneficiary had been living in the home of the petitioner's father in Moalboal since 1945 as the beneficiary's mother and husband then had other children. The petitioner testified and his spouse, now a naturalized citizen of the United States, under oath confirmed his testimony as did the beneficiary, that his wife accepted the beneficiary into the family unit, treated him as their own child and cared for him. On the petitioner's discharge from the United States Army the petitioner built a home in 1951, at which time the beneficiary was 11 years of age, in Moalboal in which he, the beneficiary, petitioner's wife and the son of his marriage all resided until

504

the petitioner came to the United States in 1953. Immediately after coming to the United States in 1953 the petitioner established residence in California in which State he has since continually resided. The petitioner's wife and son of his marriage joined the petitioner in the United States in 1955, the beneficiary continuing to reside in the family home in Moalboal, Philippines and to be supported by the petitioner. The beneficiary entered the United States on October 29, 1963 as a visitor, and has at all times since October 29, 1963 resided in the petitioner's family home at Delano, California, being accepted into the home by the petitioner's wife.

The record thus establishes that the petitioner acknowledged the beneficiary as his child, received him as such and with the consent of his wife into his family in Moalboal, Philippines in 1951 when the beneficiary was 11 years of age and otherwise treated him as if he were a legitimate child both in the Philippines and in the State of California.

In the case of *Estate of Lund* (26 C.2d 472; 159 P.2d 643), the Court concluded that by virtue of the provisions of section 230 of the Civil Code of California upon facts shown, the petitioner in that case was entitled to share in the estate of the decedent. Applying the provisions and effect of section 230 the Court stated in part:

It will be noted that in none of the legitimation provisions of the California law hereinabove quoted (including section 230) is there any express or apparent requirement that . . . the legitimating acts specified in section 230, occur in California. There is no Federal constitutional proscription against a state's adopting legislation which makes legitimate within the operation of its law children who are illegitimate in other jurisdictions, nor is there any constitutional requirement that such laws be limited in their applicability to children who were born in the state or whose parents (either or both) were domiciled in the state at the time of their birth, or that such laws be dependent for operation on acts occurring within the state.

The Court in that case also stated:

A public, unconditional and long-continued acknowledgement of a child by his father, with full knowledge of the facts, accompanied by reception by the child into the family and treatment as a legitimate child, constitutes a continuing representation to the whole world of a permanent de facto family status, which is the very essence of the requirements of Civil Code section 230, and while the legal significance of such acts in other states is not binding in California, they are not revoked and destroyed in their factual significance by a mere change of domicile; hence, it will be presumed that the family status thereby established continued after the father moved to California and that he did not wrong his son by disavowing such status.

Under the provisions of section 230 of the California Civil Code it is immaterial that the beneficiary was not born in California or in the United States, that his natural parents were residing outside the

United States at the time of his birth, and that the acts of legitimation may have occurred outside the United States.

It is conceded that the record establishes the beneficiary has been legitimated under the provisions of section 230 of the California Civil Code.

Under the provisions of section 230 of the California Civil Code as construed by the courts of California, it is immaterial whether legitimation occurred during the applicant's minority or thereafter (*Estate of Lund*, 26 C.2d 472; *Wolf* v. *Gall*, 32 Calif. App. 286; *Blythe* v. *Ayres*, 96 Calif. 532 (1892, reheard 102 Calif. 254, 1894)).

The crux of the matter, in this case, however lies in determining whether the beneficiary is legitimated for the purpose of the immigration law. In order to be considered legitimated for immigration purposes, there must be compliance with the requirements contained in section 101(b)(1)(C) of the Immigration and Nationality Act, as amended. That section requires that the legitimation shall have taken place under the law of the child's residence or domicile or under the law of the father's residence or domicile, whether in or outside the United States, while the person legitimated was under the age of 18 years and in legal custody of the legitimating parent or parents at the time of legitimation.

The facts in this case were submitted to the Attorney General of the State of California and his opinion requested as to whether the beneficiary has been legitimated under the laws of the State of California and, if so, the date on which the legitimation is deemed to have occurred. The Attorney General of the State of California in his reply opinion stated:

Under the facts given, it appears that the requirement of Civil Code section 230 has been met. The legitimating acts specified in section 230 are not required to occur in California. *Estate of Lund*, 26 Cal.2d 472. In the leading case of *Blythe* v. *Ayres*, 96 Cal. 532, the court held that section 230 had extra territorial operation and its effect attaches to a state of facts where the child was never in California, but resided in a foreign country whenever the question of legitimation presents itself to the court of California and this is so, regardless of the law of the foreign country.

It would appear that the son was legitimated under California law as early as 1945 when the child lived with petitioner's father, if this was the petitioner's domicile. However, there can be no doubt that in 1951 when petitioner established a home with his wife, son and the beneficiary and they lived as a family unit, that all of the requirements of Civil Code section 230 had been met.

The petitioner has established that the legitimation of the beneficiary was accomplished in 1951 when the beneficiary was 11 years of age and when the petitioner established a home with his wife, son and the beneficiary and they lived as a family unit, such legitimation being accomplished under section 230 of the Civil Code of California.

The provisions of section 101(b)(1)(C) of the Immigration and Nationality Act, as amended, have been satisfied.

The visa petition will be approved.

ORDER: It is ordered that the petition be approved for classification of the beneficiary under section 203(a)(1) of the Immigration and Nationality Act.

321–654—69———84