MATTER OF GARCIA

In Visa Petition Proceedings

A-17963963

*Decided by Board January 23, 1968*

Where paternity of beneficiary, who was born out of wedlock in the Philippine Islands in 1932, was acknowledged by petitioner, his natural father, and he was received into the home in the Philippines of the petitioner who since 1927 had been living out of wedlock with the natural mother of the beneficiary, legitimation of beneficiary since birth occurred pursuant to section 230 of the Civil Code of California, the State of residence and domicile of petitioner, notwithstanding the legitimating acts occurred outside that State and petitioner has been living in California since 1933 and beneficiary has been living in the Philippines. Hence, beneficiary is entitled to preference classification under section 203(a)(4) of the Immigration and Nationality Act, as amended, as the married son of the U.S. citizen petitioner.

ON BEHALF OF PETITIONER: Alberto V. Esteva, Esquire
1255 Post Street
San Francisco, California 94109
(Brief filed)

The case comes forward pursuant to certification by the District Director, San Francisco District, of his order dated November 6, 1967 denying the visa petition for the reason that the evidence presented by the petitioner does not establish that the beneficiary is a child as defined in section 101(b)(1) of the Act and that he is not entitled to status as the married son of a citizen of the United States under section 203(a)(4) of the Act.

The petitioner, a native of the Philippines, a naturalized citizen of the United States, 76 years old, male, seeks preference status under section 203(a)(4) of the Immigration and Nationality Act on behalf of the beneficiary as his son. The beneficiary is a native and citizen of the Republic of the Philippines, 35 years old, married.

In support of the visa petition the file shows that the local civil registrar certified that Philippine birth records prior to 1945 are not available; however, a baptismal certificate of the beneficiary dated February 21, 1932 shows that the beneficiary was born January 16,

1932, the legitimate son of Pedro M. Garcia and Macaria Fernando. The petitioner also submitted his marriage certificate showing his marriage to Macaria Fernando on April 28, 1967 at Quezon City, Republic of the Philippines. Examination of the baptismal certificate and the marriage certificate establish that the petitioner and his wife are natural parents of the beneficiary. The petitioner also submitted a notarized affidavit executed July 3, 1967 setting forth that he had been living with Macaria Fernando, the mother of the beneficiary, since July 1927 as husband and wife, that the beneficiary was born to her sometime in January 1932 and that he is claiming him as his legitimate son. The petitioner stated that in the Philippines there is no divorce law and that once you are married you are married for life; for that reason some people in the islands prepare to live together unmarried several years; when they find out that they are on good terms, then they get married. The petitioner also submitted letters dated August 7, 1967 from Isidro Teope and Alfred S. Moreno setting forth that they have known the petitioner since 1946 and 1934, respectively; that they know the petitioner has a wife and son in the Philippines; that the former knew this because he often visited his family when he was there; and the latter because the petitioner had many times showed him group pictures of his family; and that Alfred S. Moreno knows that the petitioner oftentimes sends support money for his family in the Philippines.

It is noted that the petitioner, the natural father, married the natural mother of the beneficiary on April 28, 1967 when the beneficiary was 35 years old. Consequently, there can be no legitimation under section 101(b)(1)(C) of the Immigration and Nationality Act which provides for legitimation under the laws of the child's residence or domicile, or under the laws of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

However, counsel for the petitioner claims that the beneficiary was legitimated under the provisions of section 230 of the California Civil Code which provides that the father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, it he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth. Petitioner's counsel sets forth that the petitioner has been physically present in the State of California from 1933 to the present time and that the petitioner has had the intent, through-

out these years, to remain and live in such state, and petitioner is therefore a domiciliary of said state.

The statute, section 230 of the Civil Code of California, has been construed as a statute of legitimation rather than adoption and the provisions thereof are to be literally construed. The word "family" is not a technical word but a word of flexible meaning and is to be broadly construed so as to include within its purview even a case where the father is living out of wedlock with a woman not his lawful wife.[1]

The petitioner has submitted the baptismal certificate as proof that he gave his name to the beneficiary, acknowledging him to be his son. In his affidavit of July 3, 1967 he stated that he had been living with Macaria Fernando since July 1927 and that the beneficiary was born to her sometime in January 1932. In addition, he has supplied the statements of two persons, Isidro Teope and Alfred S. Moreno, who have known the petitioner since 1946 and 1934, respectively, who state that the petitioner has a wife and son in the Philippines and has so acknowledged. This evidence constitutes proof that the petitioner acknowledged the beneficiary as his child and received it into his family and gave the beneficiary the family name.[2]

In *Matter of Palacio*, 11 I. & N. Dec. 132, the petitioner sought non-quota status on behalf of his unmarried child, born June 27, 1944, a native and citizen of the Philippines. A certificate of baptism established that he was the child of the petitioner and of one Nena de Silva. The petitioner married his present wife on May 6, 1963. The petitioner obtained a decree in the Superior Court of the State of California, San Francisco, entered September 15, 1964 declaring that the petitioner was a legitimate father from birth of the beneficiary and the children included in the judgment, that said minor children were legitimate children of the petitioner and that a valid and subsisting relationship of parent and child existed between petitioner and said minor children. The petitioner had been separated from the mother of the beneficiary since 1939 and in September 1944 he signed a legal separation but did not see her and believed her to be deceased. The petition was denied without prejudice to reopening if the petitioner could establish legitimation of the beneficiary prior to his 18th birthday. Thereafter (*Matter of Palacio*, 11 I. & N. Dec. 183), the petitioner submitted an amended judgment of legitimation under section 230 of the California Civil Code in the Superior Court of the

---

[1] *Matter of DeF—*, 6 I. & N. Dec. 325; *Estate of Baird*. 193 Cal. 225; *In Re McGrew*, 183 Cal. 177; *Rankin v. Rankin*, 52 Cal. App. (2d) 231, 235; *Garner v. Judd*, 136 Cal. 394.

[2] *In re Jessup*, 81 Cal. 408, 434 and dissenting opinion.

State of California, San Francisco, dated April 27, 1965 in which it was decreed that the petitioner was the legitimate father of the beneficiary and of the other minor children named in the petition and the children were the legitimate children of the petitioner, and that a valid subsisting relationship of parent and child existed between the petitioner and the said minor children since their birth. It was. further ordered, adjudged and decree that the date of legitimation of the beneficiary was eight years of age. We noted that according to the amended judgment, the court evidently considered the relationship between the petitioner and Nena de Silva, the beneficiary's natural mother, sufficient to base a finding of "receiving into the family" even though it occurred in the Philippines, under the circumstances of the case. The visa petition was approved.

In *Matter of Pableo*, Int. Dec. No. 1808 (D.D., November 9, 1967), the petitioner sought classification under section 203(a)(1) of the Immigration and Nationality Act, as amended, on behalf of the beneficiary, his natural son, who was born out of wedlock in the Philippines. The petitioner claimed legitimation pursuant to section 230 of the California Civil Code which has been construed as an out-and-out statute of legitimation.[3] The beneficiary's certificate of baptism showed him to be the son of petitioner and the record established that the petitioner acknowledged the beneficiary as his child. received him as such with the consent of his wife into his family in the Philippines in 1951 when the beneficiary was 11 years of age and otherwise treated him as if he were a legitimate child both in the Philippines and in the State of California. It was conceded that the record established that the beneficiary had been legitimated under the provisions of section 230 of the California Civil Code and, as construed by the California courts, it was immaterial whether legitimation had occurred during the applicant's minority or thereafter.[4] The facts of the case were submitted to the Attorney General of the State of California and his opinion was requested as to whether the beneficiary had been legitimated under the laws of the State of California and, if so, the date on which the legitimation deemed to have occurred. The Attorney General replied:

Under the facts given, it appears that the requirement of Civil Code, section 230 has been met. The legitimating acts specified in section 230 are not required to occur in California. *Estate of Lund*, 26 Cal. (2d) 472. In the leading case of *Blythe* v. *Ayres*, 96 Cal. 582, the court held that section 230 had extra territorial operation and its effect attaches to a state of facts where the child

---

[3] *Ballantine* v. *De Silva*, 226 F.2d 623, 632 (9th Cir., 1955), aff'd 351 U.S. 570, reh. den. 352 U.S. 97

[4] Citing *Estate of Lund*, 26 Cal. (2d) 472; *Wolf* v. *Gall*, 32 Cal. App. 286; *Blythe* v. *Ayres*, 96 Cal. 532.

was never in California, but resided in a foreign country whenever the question of legitimation presents itself to the court of California and this is so, regardless of the law of the country.

It would appear that the son was legitimated under California law as early as 1945 when the child lived with petitioner's father, if this was the petitioner's domicile. However, there can be no doubt that in 1951 when petitioner established a home with his wife, son, and the beneficiary and he lived as a family unit, that all other requirements of the Civil Code, section 230 had been met.

The evidence submitted in the instant case establishes that the natural father lived with the natural mother out of wedlock since 1927; the beneficiary, whose certificate of baptism bears his father's name, was born in 1932; that the petitioner left the Philippines in 1933; and that the petitioner acknowledged the beneficiary as his son. It appears further on the basis of the provisions of section 230 of the California Civil Code and the interpretations thereof in *Matter of Palacio*, 11 I. & N. Dec. 183 and *Matter of Pableo*, Int. Dec. No. 1808, the beneficiary was legitimated under section 230 of the California Civil Code upon the basis of the acknowledgment of paternity in the certificate of baptism and the receiving into the home, since the date of birth under the circumstances of the case.[5] Accordingly, the visa petition will be approved.

**ORDER:** It is ordered that the visa petition be and the same is hereby approved for preference status under section 203(a)(4) of the Immigration and Nationality Act, as amended.

---

[5] Prior administrative holdings to the contrary as to the extraterritorial effect of section 230, California Civil Code are overruled.