MATTER OF SINGH

In Visa Petition Proceedings

A-20312960

*Decided by Board November 11, 1974*

(1) The United States citizen petitioner applied for immediate relative status for the beneficiary as his parent, under section 201(b) of the Immigration and Nationality Act. The petitioner was born out of wedlock in 1944. The beneficiary did not marry petitioner's mother until 1971. Petition was denied because beneficiary was not a parent under section :.01(b)(2) of the Act since the petitioner had not been legitimated, prior to his eighteenth birthday, in accordance with section 101(b)(1)(C). ,

(2) Petitioner was not legitimated under section 230 of the California Civil Code since the record shows that neither petitioner nor beneficiary was a domiciliary or resident of California befcre petitioner's eighteenth birthday *Matter of Pableo*, 12 I. & N. Dec. 503 (D.D. 1967) distinguishable because in *Pableo* the father had established residence in California prior to his son's eighteenth birthday.

ON BEHALF OF PETITIONER:   John M. Bernier, Esquire
                           820 Forum Building
                           Sacramento, California 95814

The United States citizen petitioner applied for immediate relative status for the beneficiary as his parent under section 201(b) of the Immigration and Nationality Act. In a decision dated March 28, 1974, the district director denied the petition. The petitioner has appealed from that denial. The appeal will be dismissed.

The beneficiary is a male who is a native of India and a citizen of the Fiji Islands. The petitioner was born out of wedlock in the Fiji Islands in 1944. The beneficiary did not marry the petitioner's mother until 1971.

Section 101(b)(2) of the Act defines the term "parent" as meaning a parent only where the relationship exists by reason of any of the circumstances set forth in section 101(b)(1) of the Act. The term "child" is defined in section 101(b)(1)(C) as including:

a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the custody of the legititimating parent or parents at the time of such legitimation.

Since the petitioner was 27 years old at the time his father married his

mother, that marriage could not have resulted in legitimation within the scope of section 101(b)(1)(C).

Counsel argues that the petitioner was legitimated under the provisions of section 230 of the California Civil Code. However, since the record shows that neither the petitioner nor the beneficiary was a domiciliary or a resident of California before the petitioner's eighteenth birthday, legitimation under section 230 of the California Code could not possibly bring the petitioner within the scope of section 101(b)(1)(C) of the Act.

Counsel has relied on *Matter of Pableo,* 12 I. & N. Dec. 503 (D.D. 1967). However, that case is distinguishable from the present situation because in *Pableo* the father established residence in California prior to his son's eighteenth birthday.

The district director's decision was correct. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.