## MATTER OF BUENAVENTURA

### In Visa Petition Proceedings

A–20317534

A–20317535

*Decided by Board April 27, 1977*

(1) United States citizen petitioner, a resident of California, applied for immediate relative status for the beneficiaries as his children under section 201(b) of the Immigration and Nationality Act. The petition was denied by the District Director and petitioner appealed.

(2) In order to qualify for benefits under section 201(b) beneficiaries must qualify as petitioner's children under section 101(b)(1)(C) of the Act. That section provides that a "child" for immigration purposes is one legitimated under the law of the child's residence or domicile or under the law of the father's residence or domicile, whether inside or outside the United States, if such legitimation takes place before the child reaches the age of 18 years and the child is in the custody of the legitimating parent or parents at the time of such legitimation.

(3) Section 230 of the California Civil Code which was in effect at the time the alleged legitimation occurred provided:

> The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were legitimate child thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth.

(4) Since 1963 when male beneficiary was 9 and female beneficiary 7, they have lived with petitioner's mother in the Philippines. He has sent them money, both he and his wife have visited them. The petitioner has been a resident of California since at least 1973, and California law governs the determination of whether the children have been legitimated. Under California law, the children were received into the family in 1963 under the circumstances of this case and were thus legitimated under section 230. Since the beneficiaries were in the custody of their paternal grandmother and supported by the petitioner, they were in the legal custody of petitioner at the time of their legitimation as required by section 101(b)(1)(C) of the Act.

(5) The visa petitions will be granted. However, since male beneficiary is 22 years of age he cannot qualify as an immediate relative under section 201(b) of the Act, so his petition will be considered an application for status under section 203(a)(1) of the Act.

(6) Board declines to follow the decision in *Matter of Pableo*, 12 I. & N. Dec. 503 (D. D. 1967); *Matter of Garcia*, 12 I. & N. Dec. 628 (BIA 1968) overruled.

ON BEHALF OF PETITIONER: Richard K. Park, Esquire
555 Capitol Mall
Sacramento, California 95814

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The United States citizen petitioner applied for immediate relative status for the beneficiaries as his children under section 201(b) of the Immigration and Nationality Act. The District Director denied the petitions in a decision dated January 16, 1976. The petitioner has appealed from that decision. The appeal will be sustained.

The beneficiaries, a male and female, were born out of wedlock in the Philippines in 1954 and 1956, respectively. The petitioner's name appears on the beneficiaries' birth certificates as their father. According to a sworn statement made by the petitioner on April 23, 1974, he lived with the beneficiaries' mother from 1954 to 1956, shortly before the birth of the female beneficiary. He came to the United States in 1956 and married a United States citizen in 1960. The record indicates that the petitioner has lived in California since at least 1961. The beneficiaries have been living with the petitioner's mother in the Philippines since approximately 1963 and have received financial support from the petitioner since that time. The petitioner visited the beneficiaries at his mother's home in the Philippines in 1961, 1971, and 1973; in 1971 he was accompanied by his wife.

Under section 101(b) of the Act, a person may qualify as a "child" within the context of the immigration laws only where the parent-child relationship exists by reason of any of the circumstances set forth in section 101(b)(1).[1] The term "child", as defined in that section, does not include illegitimate children not claiming an immigration status by virtue of their relationship to their mother under section 101(b)(1)(D). The child must either be legitimate under section 101(b)(1)(A) or legitimated in accordance with the provisions of section 101(b)(1)(C) of the Act:

. . . a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in he legal custody of the legitimating parent or parents at the time of such legitimation.

The first issue presented is whether or not the beneficiaries have been legitimated in accordance with the provisons of section 101(b)(1)(C) of the Act. Under the law of the beneficiaries' residence, the Philippines, the parents must marry before a child is considered to have been "legitimated." *Matter of Blancaflor*, Interim Decision 2225 (BIA 1973). Inasmuch as the petitioner never married the beneficiaries' mother, the beneficiaries were not legitimated under the law of their domicile.

---

[1] Inasmuch as the male beneficiary is now 22 years old, he is no longer eligible for immediate relative status. The petition filed in his behalf will be considered as an application for preference status as the petitioner's unmarried son under section 203(a)(1) of the Act. In order to establish the male beneficiary's eligibility as the petitioner's unmarried son, the male beneficiary must have also qualified as a "child" of the petitioner under section 101(b)(1) of the Act. *Matter of Coker*, Interim Decision 2255 (BIA 1974).

Counsel for the petitioner claims that the beneficiaries were legitimated according to the law of the petitioner's domicile, California, specifically, section 230 of the California Civil Code. Section 230 was repealed in 1975 and the Uniform Parentage Act was adopted. Nevertheless, we shall limit our discussion to section 230, the statute in effect at the time the alleged legitimating acts occurred. Section 230 provided:

> The father of an illegitimate child, by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and such child is thereupon deemed for all purposes legitimate from the time of its birth . . . .

Counsel asserts that the petitioner's offer to bring the beneficiaries to the United States to live with him and his wife constitutes legitimation under section 230. Inasmuch as the beneficiaries are over the age of 18, the age limit set out in section 101(b)(1)(C), this contention is without merit.

Counsel also asserts that the fact that the petitioner lived with the male beneficiary and the mother until shortly before the birth of the female beneficiary resulted in the beneficiaries' legitimation under section 230 of the California Civil Code. The petitioner, however, lived with the beneficiaries' mother and the male beneficiary in the Philippines before coming to the United States and taking up residence in California. California had no connection whatsoever with either the petitioner or the beneficiaries at the time the alleged legitimating act occurred. Consequently, we conclude that California law is not relevant to a determination of whether the beneficiaries were legitimated at this time. In *Matter of Varian,* Interim Decision 2395 (BIA 1975) we stated that the fact that California has applied its law to a situation such as the present one when determining how to distribute property left within its boundaries is not determinative with respect to the question of citizenship. Neither is it determinative in interpreting the language of section 101(b)(1)(C) of the Act. In so holding, we do not follow the District Director's decision in *Matter of Pableo,* 12 I. & N. Dec. 503 (District Director 1967) and we overrule our decision in *Matter of Garcia,* 12 I. & N. Dec. 628 (BIA 1968).

Finally, the petitioner claims that the beneficiaries went to live with the petitioner's mother in the Philippines in approximately 1963, when the male beneficiary was 9 years old and the female beneficiary was 7. In addition, he has claimed that he has supported these children and that both he and his wife have visited them in the Philippines. In view of the fact that the petitioner was residing in California by 1963, we conclude that California law, as the law of the petitioner's domicile, is applicable.

To have legitimated a child under section 230 of the California Civil Code, the petitioner must have received the child into his family. The

California courts have interpreted this phase very liberally. By way of example, in *Estate of Jones*, 135 P. 288 (Cal. 1913) the court held that the requirement had been met where the illegitimate child had only visited the father. See also *Blythe v. Ayres*, 31 P. 915 (Cal. 1892). We are of the opinion that, under California law, the facts of this case constitute the receiving into the family required by section 230. In view of the fact that the other elements of section 230 also were met, we conclude that the beneficiaries were legitimated under the law of their father's domicile.

The only issue remaining to be resolved is whether or not the beneficiaries were in the "legal custody" of the petitioner at the time of the legitimation as required by section 101(b)(1)(C) of the Act.

The right of the putative father to the illegitimate child's custody as against everyone but the mother has been recognized. See 31 Attorney General's Opinion 162 (1920). The record indicates that, on the date their legitimation occurred under California law, the beneficiaries' mother left the children with their paternal grandmother to be raised by her and supported by the petitioner. On the basis of that evidence we conclude that the beneficiaries were in the legal custody of the petitioner at the time of their legitimation within the meaning of section 101(b)(1)(C) of the Act.

Accordingly, the appeal will be sustained. The visa petitions in behalf of the beneficiaries will be approved.

ORDER: The appeal is sustained; the petitions to classify the beneficiaries for immigrant visas are approved.