MATTER OF FULGENCIO

In Deportation Proceedings

A-31363623

*Decided by Board August 22, 1980*

(1) Respondent, born in the Philippines in 1949, initially met the requirements for acquisition of citizenship set forth in section 201(g) of the Nationality Act of 1940 by virtue of his father's United States citizenship and residence in the Philippines for 10 years prior to the respondent's birth.

(2) In the Ninth Circuit, a child is considered legitimated for immigration purposes if, while the child was under the required age, his father performed acts in a foreign country which would constitute legitimation under section 230 of the California Code, and subsequently became domiciled in California. *Kaliski v. District Director*, 620 F.2d 214 (9 Cir. 1980).

(3) Section 205 of the Nationality Act of 1940 requires that a child born out of wedlock must be legitimated during his minority in order to acquire United States citizenship under section 201(g). Since the respondent was legitimated as a child pursuant to the laws of California, as a result of his father's acknowledgment of paternity and domicile in California, the respondent was found to have acquired United States citizenship.

(4) In order to retain United States citizenship under the provisos to section 201(g) of the Nationality Act of 1940, a person must reside in the United States or its outlying possessions for 5 years between the ages of 13 and 21, commencing his residence before the age of 16. Since the Philippines gained its independence prior to the respondent's birth and the respondent did not enter the United States before he was 16, he did not qualify for retention of citizenship under section 201(g).

(5) Section 301(b) of the Immigration and Nationality Act of 1952, 8 U.S.C. 1401(b), which was made applicable to all persons born abroad subsequent to May 24, 1934, provides that a child born abroad to a United States citizen and an alien will lose his United States citizenship unless he comes to the United States prior to the age of 23 and is continuously present for 5 years between the ages of 14 and 28. Since the respondent entered the United States at age 22 and resided in this country for more than 5 years, he retained his United States citizenship pursuant to section 301(b), and deportation proceedings were terminated for failure to prove alienage.

CHARGE:
Order:  Act of 1952—Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 212(a)(20) [8 U.S.C. 1182(a)(20)]—no valid visa

Sec. 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under sec. 203(a) [8 U.S.C. 1153(a)]—not of status specified in immigrant visa

Interim Decision #2816

ON BEHALF OF RESPONDENT: James Michael Hoffman, Esquire
United States Catholic Conference
528 Market Street, Room 518
San Francisco, California 94104

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated January 12, 1979, the immigration judge determined that the respondent was not a United States citizen and found him deportable as charged.[1] He further found that the respondent was not eligible for relief from deportation pursuant to section 241(f) of the Immigration and Nationality Act, 8 U.S.C. 1251(f), but granted him the privilege of voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be sustained.

The respondent is a native and citizen of the Philippines who was born out of wedlock on July 31, 1949. The respondent entered this country on April 15, 1972, as a lawful permanent resident based on his status as the unmarried son of a United States citizen.[2] It appears that no attempt was made to establish his United States citizenship at that time. At the deportation proceedings, however, the respondent denied the allegation that he was an alien, claiming to be a United States citizen by derivation through his father.

Since the respondent was born in 1949, he is subject to the provisions of the Nationality Act of 1940. We believe that the section of that Act which is applicable in this case is 201(g), 8 U.S.C. 1151(g), which grants United States citizenship at birth to:

> A person born outside the United States and its outlying possessions of parents one of whom is a citizen of the United States who, prior to the birth of such person, has had ten years' residence in the United States or one of its outlying possessions, at least five of which were after attaining the age of sixteen years, the other being an alien: *Provided,* That in order to retain such citizenship, the child must reside in the United States or its outlying possessions for a period or periods totaling five years between the ages of thirteen and twenty one years: *Provided further,* That, if the child has not taken up residence in the United States or its outlying possessions by the time he reaches the age of sixteen years, or if he resides abroad for such a time that it becomes impossible for him to complete the five years' residence in the United States or its

---

[1] We note that the second charge brought against the respondent alleged that he was deportable under section 241(a)(1) of the Act, 8 U.S.C. 1251(a)(1), as an alien who was excludable at entry because he was not of the status specified in his immigrant visa according to section 203(a) of the Act, 8 U.S.C. 1153(a). Although a similar ground of excludability was formerly included in the Act under section 211(a)(4), 8 U.S.C. 1181(a)(4), no such ground now exists. *See Matter of C—,* 8 I&N Dec. 665 (BIA 1960). In light of our decision finding that the respondent is a United States citizen, this error in the charge is inconsequential.

[2] The record reflects that the respondent's father was naturalized as a United States citizen on August 26, 1946, following his service in the United States military.

472

outlying possessions before reaching the age of twenty one years, his American citizenship shall there upon cease....

The record indicates that the respondent's father, who lived in the Philippines while it was an outlying possession of the United States, meets the above-stated requirements for a United States citizen parent whose child may derive United States citizenship. However, since the respondent was born out of wedlock, section 205 relating to illegitimate children is also pertinent to a determination regarding the respondent's acquisition of United States citizenship. That section provides as follows:

The provisions of section 201, subsections (c), (d), (e), and (g), and section 204, subsections (a) and (b), hereof apply, as of the date of birth, to a child born out of wedlock, provided the paternity is established during minority, by legitimation, or adjudication of a competent court.

The respondent argued at the hearing that he was legitimated in accordance with the requirements of section 205 by virtue of the fact that his father acknowledged paternity and took the respondent into his home in the Philippines, and subsequently moved to California, which recognizes such extraterritorial acts as constituting legitimation under its laws. The immigration judge rejected this claim, finding that the respondent was not legitimated during minority as required by section 205 since his father only became domiciled in California after the respondent reached the age of 21. Thus, the immigration judge concluded that the respondent failed to establish that he had acquired United States citizenship by birth. As authority for his decision he cited *Matter of Varian*, 15 I&N Dec. 341 (BIA 1975), in which we declined to recognize legitimation under the law of California where that state had no connection with either the father or the child when the legitimating acts took place. *See also Matter of Buenaventura*, 16 I&N Dec. 456 (BIA 1977), overruling *Matter of Garcia*, 12 I&N Dec. 628 (BIA 1968).

The law in effect in California at the time of the respondent's claimed legitimation was section 230 of the California Civil Code.[3] That statute provides as follows:

The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such; and the child is thereupon deemed for all purposes legitimate from the time of its birth....

In a recent decision, the Ninth Circuit examined section 230 and its interpretation under California law. *Kaliski v. District Director*, 620 F.2d 214 (9 Cir. 1980). The court discussed *In re Lund's Estate*, 26 Cal.

---

[3] Section 230 was repealed in 1975 when the Uniform Parentage Act was adopted. *See* California Civil Code, section 7000.

473

2d 472, 159 P.2d 643 (1945), where the California Supreme Court determined that legitimating acts occurring outside the state and prior to the father's domicile there were sufficient to legitimate a child under section 230. The Ninth Circuit adopted that viewpoint and held that a child could be legitimated for immigration purposes if, while the child was under the required age, his father performed acts in a foreign country which would constitute legitimation under California law, and subsequently became domiciled in that state. *See Matter of Garcia, supra.* In doing so, the court rejected our conclusion in *Matter of Varian, supra.*

Inasmuch as this case arises in the Ninth Circuit, we shall recognize the respondent's legitimation under section 230 by virtue of his father's acknowledgment of paternity while in the Philippines and his domicile in California thereafter. Thus, we hold that the respondent acquired United States citizenship under section 201(g) of the Nationality Act of 1940.

We must next determine whether the respondent has retained his United States citizenship in accordance with the proviso of section 201(g) of the 1940 Act. That proviso sets forth the mandate that a child must reside in the United States or its outlying possessions for 5 years between the ages of 13 and 21 years in order to retain his citizenship, which is forfeited if he does not take up residence in the United States by the time he reaches the age of 16.

Inasmuch as the Philippines obtained independence from the United States on July 4, 1946, it was no longer an outlying possession as of that date. *See* 22 U.S.C. 1394. Therefore, since the respondent was born in 1949, his years of residence in that country will not satisfy the requirement of section 201(g). Furthermore, the respondent did not enter the United States until 1972, when he was 22 years old. Thus, he cannot qualify under the provisions of the 1940 Act for retention of citizenship.

On June 27, 1952, however, a new law was enacted, effective December 24, 1952, which changed the requirements for retention of citizenship.[4] Under section 301(b) of the 1952 Act, a child born abroad to a United States citizen and an alien would lose his citizenship unless he came to the United States prior to the age of 23 and was continuously physically present in this country for 5 years between the ages of 14 and 28. Section 301(c) of that Act made the provisions of section 301(b) applicable to persons born abroad subsequent to May 24, 1934,

---

[4] That provision was later amended by the Act of October 27, 1972, Pub. L. 92-584, 86 Stat. 1289, and again by the Act of October 10, 1978, Pub. L. 95-432, 92 Stat. 1046, both of which further liberalized the retention requirements. However, since the respondent qualifies under the provisions of the 1952 Act, we need not discuss these amendments. *See* section 301(d) of the 1972 Act.

474

who were previously subject to the retention requirements of earlier acts. *See Lee You Fee* v. *Dulles*, 236 F.2d 885 (7 Cir. 1956), *rev'd on confession of error*, 355 U.S. 61 (1957); *Matter of Navarrete*, 12 I&N Dec. 138 (BIA 1967); *Matter of S—*, 8 I&N Dec. 221 (BIA 1958). Inasmuch as the respondent came to the United States at the age of 22 and has remained here for more than 5 years, we conclude that his United States citizenship was retained by virtue of his compliance with section 301(b) of the 1952 Act.

Accordingly, deportation proceedings against the respondent will be terminated.

ORDER: The appeal is sustained, and the deportation proceedings are terminated.