**Vasa KALISKI, Petitioner-Appellee,**

**v.**

**DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellant.**

**No. 78-1714.**

United States Court of Appeals, Ninth Circuit.

May 30, 1980.

Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellant.

William Lew Tan, Los Angeles, Cal., argued for petitioner-appellee; Hiram W. Kwan, Los Angeles, Cal., on brief.

Before KENNEDY and SCHROEDER, Circuit Judges, and SOLOMON,* District Judge.

SOLOMON, District Judge.

The Immigration and Naturalization Service (INS) appeals from the judgment of the district court approving a preferential visa petition filed by appellee Vasa Kaliski on behalf of his son Milivoj who was born out of wedlock in Yugoslavia in 1934. We affirm.

In January 1973, Kaliski filed a petition for a preferential immigrant visa for his son. INS rejected the petition because Milivoj was born out of wedlock, and because there was no evidence that he was legitimated under Yugoslav law before his eighteenth birthday as required by the Immigration and Nationality Act (Act), 8 U.S.C. § 1101 *et seq.* The Board of Immigration Appeals (Board) affirmed the rejection. The district court, on a petition for review, reversed the decision of the INS on the ground that Milivoj was legitimated under California law before his eighteenth birthday.

Section 201 of the Act, 8 U.S.C. § 1151, sets a quota on the number of immigrant visas allowed for each fiscal year. Within the quota are seven categories of persons entitled to preferential treatment. One such preference is for "qualified immigrants who are the married sons or married daughters of citizens of the United States." 8 U.S.C. § 1153(a)(4).

To qualify as a married son or daughter, an immigrant must have qualified as a "child" under 8 U.S.C. § 1101(b)(1)(C). *Nazareno v. Attorney General*, 512 F.2d 936 (2nd Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 53, 46 L.Ed.2d 49 (1975). A "child" is defined as:

> (1) . . . an unmarried person under twenty-one years of age who is—
>
> .    .    .    .    .
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

8 U.S.C. § 1101(b)(1)(C).

There are three issues presented here: (1) Was California law applicable in this case when neither Kaliski nor his son had any contact with California before the son's eighteenth birthday? (2) Was Kaliski's son legitimated under California law before his eighteenth birthday, as required by section 1101(b)(1)(C)? (3) Must the case be remanded to INS for further findings of fact?

FACTS

Vasa Kaliski was born in Yugoslavia in 1908. Between 1932 and 1941, he lived with but never married Magdelena Rotsenk because she was Catholic and he was Greek Orthodox. In 1934, Magdelena gave birth to their son Milivoj who lived with them until 1941. In that year, while serving in the Yugoslav army, Kaliski was taken prisoner by the Germans and was interned in a prisoner-of-war camp in Germany until his

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

release in 1945. He lived in resettlement camps in Germany until 1951 when he emigrated to the United States. He established domicile in California in 1953 and became a citizen in 1971.

█ On January 3, 1973, Kaliski filed a petition with INS to obtain a preferential immigrant visa for his son who still lives in Yugoslavia. INS and the Board rejected the petition because Milivoj was not legitimated under Yugoslav law before his eighteenth birthday. The district court reviewed the decision of the INS and held that Milivoj is entitled to a preferential visa because he was legitimated under California law before his eighteenth birthday.[1]

## APPLICABILITY OF CALIFORNIA LAW

Under section 230 of the California Civil Code,[2] the father of an illegitimate child may legitimate the child by receiving the child into his family and acknowledging the child as his own. The California Supreme Court, in In re Lund's Estate, 26 Cal.2d 472, 159 P.2d 643 (1945), held that an illegitimate child was legitimated by the father under section 230 even if the legitimating acts occurred before either the father or the son had any contact with California, as long as the father later established his domicile in California. ⁕

The district court held that Kaliski legitimated Milivoj under California law by raising him during the first seven years of his life. California law was held to be applicable because Kaliski later established his domicile in California.

INS contends that California law should not be applied here because neither the father nor the son had any contact with the state before the son's eighteenth birthday

and the legitimating acts did not occur in California. The INS contends that a state law affecting the distribution of property is not determinative in citizenship or immigration cases. See e. g. Matter of Varian, Interim Decision 2395 (1975).[3]

█ In our view, the INS interpreted the law incorrectly. Under 8 U.S.C. § 1101(b)(1)(C), an immigrant qualifies as a "child" by being legitimated under the law of the father's domicile. The only restrictions are that the child must be under the age of eighteen when legitimated and the child must reside with the father at the time of legitimation. Both of these events occurred here. The fact that a state's legitimation statute is intended only to determine property distribution is irrelevant because that is the primary purpose of all such statutes. We hold that a state law which recognizes legitimating acts which occur before the father and child have any contact with the state is applicable in immigration cases.

## AGE LIMIT

INS contends that even if California law applies, Milivoj was not legitimated under California law before his eighteenth birthday because his father did not establish domicile in California until Milivoj was nineteen years old.

INS argues that the Act requires the father or child to reside in a jurisdiction recognizing the child's legitimacy before the child is eighteen years old. Kaliski argues that the Act only requires that the legitimating acts occur before the child is eighteen years old, and that the father and child need not reside in the jurisdiction which

1. A federal court may review the denial of the INS of a preferential visa petition to determine if the denial was an abuse of discretion. Abuse of discretion may be found if there is no evidence to support the decision or if the decision is based on an improper understanding of the law. Song Jook Suh v. Rosenberg, 437 F.2d 1098, 1102 (9th Cir. 1971). Here, the district court ruled that the INS applied erroneous legal standards in denying the petition.

2. Section 230 was repealed by enactment of the 1976 Uniform Parentage Act, California Civil Code, §§ 7000–7018.

3. At one time, INS did apply California law in immigration cases even though the legitimating acts occurred before either the father or child had any contacts with the state. See Matter of Garcia, 12 I&N Decision 628 (1968). That decision, however, was expressly overruled in Matter of Buenaventura, Interim Decision 2636 (1977).

subsequently recognizes the legitimating acts before the child's eighteenth birthday.

The age limit requirement is designed to prevent fraud. Without the limitation, persons of any age could enter the United States by being "legitimated" by bogus parents, thereby encouraging the kind of immigrant traffic now prevalent because of sham marriages between American citizens and foreigners.

■ Nevertheless, the possibility of fraud is no greater if the less stringent requirement urged by Kaliski is adopted. The petitioner must establish that (1) he is the natural father of the child; (2) that he performed legitimating acts while the child was in his custody and before the child was eighteen years old; and (3) that, at the time of the petition to the INS, the father or son lived in a jurisdiction recognizing the legitimating acts as sufficient to make the child legitimate.

Furthermore, the humane purpose of the Act—to reunite families—would be frustrated by the strict interpretation urged by the INS. An illegitimate child born in Yugoslavia is disadvantaged because the legitimation requirements in that country are strict. However, a child born out of wedlock in the Peoples Republic of China has an advantage because that country has abolished any distinctions between legitimate and illegitimate children. *See Lau v. Kiley*, 563 F.2d 543 (2d Cir. 1977). There is no rational basis for such an arbitrary distinction, particularly where that distinction does not further, and may detract from, the purpose of the Act which is to prevent continued separation of families.

■ The district court correctly ruled that California law was applicable and that Milivoj was legitimated under the law of California before his eighteenth birthday.

*REMAND FOR FURTHER FINDINGS OF FACT*

■ INS contends that, because it denied Kaliski's petition based on an interpretation of the law, it did not consider the evidence relating to paternity, and the case should be remanded for findings of fact on that issue.

In support of his petition, Kaliski submitted the following documents: (1) A birth certificate entered in the birth registry in Beograd, Yugoslavia in 1958, reciting that Kaliski and Magdelena Rotsenk are the parents of Milivoj, who was born in 1934; (2) a notarized statement, sworn to by Kaliski before the Yugoslav Counsul in San Francisco in 1972, in which Kaliski acknowledged that he is Milivoj's father; (3) a joint statement by two Yugoslav citizens declaring that they knew Kaliski and Milivoj before the war and that Kaliski is Milivoj's father; (4) an insurance policy taken out by Kaliski in 1954 showing his son Milivoj as beneficiary; (5) International Red Cross documents showing that Kaliski was a prisoner-of-war interned inside Germany until 1945, and a resident of resettlement camps in Germany until 1951.

We hold that Kaliski proved that Milivoj is his son, that he acknowledged paternity before Milivoj reached the age of 18. This evidence was uncontroverted and there is no need to remand this case to the INS for a hearing or additional findings. Kaliski is entitled to a preferential immigrant visa for his son.

The judgment of the district court is AFFIRMED.