OCCIDENTAL ENGINEERING COMPA-
NY, a Delaware corporation, and Yi
Ling Wang, Plaintiffs-Appellants,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE; Dorothy Meisner,
Acting Commissioner of the Immigra-
tion and Naturalization Service; Ed
O'Connor, Regional Commissioner of
the Immigration and Naturalization
Service; Michael H. Landon, District
Director of the Immigration and Natu-
ralization Service; William French
Smith, Attorney General of the United
States, Defendants-Appellees.

No. 84–5601.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1985.

Decided Feb. 11, 1985.

Ronald H. Bonaparte, Bonaparte, Ibarra & O'Kane, Los Angeles, Cal., for plaintiffs-appellants.

Ian Fan, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Before SNEED, POOLE, and FERGUSON, Circuit Judges.

SNEED, Circuit Judge:

Occidental Engineering Company (Occidental) appeals the district court's grant of summary judgment in favor of the Immigration and Naturalization Service (INS). In the district court Occidental sought to overturn the INS's denial of its petition to reclassify an employee from visitor to temporary worker status as a person of "distinguished merit and ability" under 8 U.S.C. § 1101(a)(15)(H)(i). This court has jurisdiction of the appeal pursuant to 28 U.S.C. § 1291. We affirm.

## I.

### SUMMARY OF APPLICABLE LAW

An alien can achieve temporary worker status if he "is of distinguished merit and ability and ... is coming temporarily to the United States to perform services of an exceptional nature requiring such merit and ability ...." 8 U.S.C. § 1101(a)(15)(H)(i). The alien may satisfy the requirement of "distinguished merit and ability" by being a member of the "professions," *Matter of General Atomic Co.*, 17 I. & N.Dec. 532, 533 (1980); *Matter of Essex Cryogenics Industries, Inc.*, 14 I. & N.Dec. 196, 197 (1972), or by being "pre-eminent in his field of endeavor," *Matter of Shaw*, 11 I. & N.Dec. 277, 280 (1965).

The Immigration and Nationality Act defines "professions" as including but not limited to architects, engineers, lawyers, physicians, surgeons, and teachers. *See* 8 U.S.C. § 1101(a)(32). To determine whether an occupation not enumerated in the statute constitutes a "profession," the INS considers if the position requires "a prolonged course of specialized instruction and study." *See Matter of Shin*, 11 I. & N.Dec. 686, 687 (1966). The INS has held that the term includes journalists, *see Matter of Perez*, 12 I. & N.Dec. 701, 702 (1968), but does not include translators, *see Matter of Ho*, 12 I. & N.Dec. 148, 150 (1967).

## II.

### FACTS AND PRIOR PROCEEDINGS BELOW

Yi Ling Wang, an employee of Occidental, entered the United States on December 26, 1979, with a temporary visitor's visa that authorized him to stay until June 25, 1980. Within weeks of his arrival in the United States, Occidental hired Wang as a translator. On February 21, 1980, Occidental petitioned the INS to change Wang's status from visitor to temporary worker, *see* 8 U.S.C. § 1101(a)(15)(H)(i).

The INS District Director denied the petition on the ground that Occidental had not proven that Wang qualified as a person of "distinguished merit and ability." Occiden-

tal submitted additional information about Wang's skills and moved the District Director to reopen the case. This motion was denied on September 28, 1980.

Occidental appealed the District Director's decision to the Western Regional Commissioner of the INS. The Regional Commissioner, on March 13, 1981, dismissed the appeal because Wang was not a person of "distinguished merit and ability" and because Occidental sought to hire Wang permanently rather than temporarily.

On April 6, 1981, Occidental requested that the INS Central Office in Washington review the Regional Commissioner's decision. The INS denied the request but indicated to Occidental that if "you can demonstrate that the beneficiary's duties are that of a professional editor or if you can obtain additional evidence that the beneficiary's abilities as a translator are distinguished above his peers, you may wish to file a motion to reopen or reconsider the proceeding with the Regional Commissioner."

On July 1, 1981, Occidental moved the Regional Commissioner to reconsider his decision. On October 23, the Regional Commissioner denied the motion on the basis that the argument raised in the motion had been previously considered.

Occidental filed this action in the Central District of California on March 15, 1982. The suit challenged both the INS's denial of the petition for reclassification of Wang and the Regional Commissioner's refusal to reopen the decision. After a hearing on cross motions by the parties, the magistrate recommended summary judgment in favor of Occidental. The district court, rejecting the magistrate's recommendation, rendered summary judgment in favor of the INS.

### III.

### DISCUSSION

Occidental raises three issues on appeal. First, it contends that the district court applied an incorrect standard of review to the INS's decision. Second, it argues that the INS employed an incorrect legal standard and abused its discretion in rejecting Occidental's petition. Finally, it claims that disputed issues of fact precluded summary judgment by the district court. For the reasons set forth below, we reject each of Occidental's contentions.

### A. *Standard of Review in the District Court*

■ Occidental asserts that the district court erred in reviewing the INS's decision under an "abuse of discretion" standard. The standard, as employed, was appropriate. The district court stated, "an abuse may be found ... where it appears that the decision is based on an improper understanding of the law." Memorandum of Decision at 2–3. *See also Kaliski v. District Director of INS,* 620 F.2d 214, 216 n. 1 (9th Cir.1980). Moreover, the district court did consider whether the INS decided this case in a manner consistent with its own precedents, and found that it did. *See* Memorandum of Decision at 5–6.

### B. *Application of the Law by the INS*

Occidental claims that the INS committed a "mistake in the interpretation" of its own precedents (1) by refusing to classify Wang as a member of the "professions," (2) by finding that Wang did not come to the United States to perform temporary services, and (3) by refusing to reopen case for consideration. We disagree with each of these assertions and thus find no abuse of discretion by the INS.

### 1. *The Professions*

■ The INS interpretation of the Immigration and Nationality Act "is entitled to deference and should be accepted unless demonstrably irrational or clearly contrary to the plain meaning of the statute." *See Olivares v. INS,* 685 F.2d 1174, 1177 (9th Cir.1982). Occidental has not demonstrated that a refusal to classify Wang as a professional under the Act is irrational. Indeed, the INS interpreted its precedents in a consistent manner. The Western Regional Commissioner, as required by *Gen-*

*eral Atomic* and *Essex,* clearly considered whether Wang was a member of "the professions." In accordance with *Ho,* the Regional Commissioner concluded that a translator did not qualify as a member of "the professions." The Regional Commissioner, following *Shaw,* also concluded that Wang was not preeminent in his field. The INS did not commit a "mistake in the interpretation" of its own precedents.

■ To rebut the above analysis, Occidental attempts to classify Wang as an "editor/translator" who performs functions similar to those of a journalist. While this is a plausible position, the INS felt otherwise and chose to construe the statute narrowly so that an "editor/translator" would not qualify as a member of the "professions." The Service need not construe statutory language as broadly as possible. *See INS v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981). Occidental's claim that Wang serves in an editorial capacity in no way compels the conclusion that Wang is a member of the "professions." Occidental asserts that because *Perez* classified journalists as a profession under the Act, editing must be a profession inasmuch as editors supervise journalists. This argument, even if sound as a general proposition, does not apply to Wang because he does not supervise journalists. Nor did Occidental show that Wang received the prolonged instruction in editing necessary to qualify as a member of the "professions." *See Shin,* 11 I. & N.Dec. at 687. Therefore, the INS did not abuse its discretion by failing to classify Wang as a professional.

### 2. *Temporariness of Employment*

■ Nor did the INS abuse its discretion by finding that Occidental's employment of Wang was not temporary. Section 1101(a)(15)(H) requires that an applicant "com[e] temporarily to the United States to perform services." The INS requires that the employer "desire or intend" to employ the applicant for a temporary period. *See Matter of University of Oklahoma,* 14 I. & N.Dec. 213, 214 (1972); *Matter of Ord,* 18

I. & N.Dec. 285, 287 (1982). In oral argument before the Regional Commissioner, however, Occidental admitted that it sought to hire Wang permanently. Therefore, the INS finding did not constitute an abuse of its discretion.

### 3. *Refusal to Reopen the Case*

■ Occidental argues that the INS abused its discretion by failing to reopen the case upon a showing that Wang served in an editorial capacity. Its reliance upon the letter sent by the Associate Commissioner on April 27, 1981 is misplaced. Contrary to Occidental's assertions, the letter did not state that the INS, upon a showing that Wang served as an editor, would reopen the case. The letter merely mentioned that Occidental "may wish to file a motion to reopen." The letter set no standard by which the Regional Commissioner was to decide to reopen the case and serves as no binding precedent of any sort. Further, the Regional Commissioner correctly noted that Occidental's motion raised no new arguments. The INS, therefore, did not abuse its discretion by failing to reopen the case.

### C. *Disputed Issues of Fact*

■ Occidental contests the district court's grant of summary judgment on the ground that there exist disputed issues of material fact. But there are no disputed facts that the district court must resolve. That court is not required to resolve any facts in a review of an administrative proceeding. Certainly, there may be issues of fact before the administrative agency. However, the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did. *De novo* factfinding by the district court is allowed only in limited circumstances that have not arisen in the present case. *See, e.g., Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 415, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971); *Proietti v. Levi,* 530 F.2d 836, 838 (9th Cir.1976); *Dredge Corporation v.*

*Penny,* 338 F.2d 456, 462 (9th Cir.1964). The appellant confuses the use of summary judgment in an original district court proceeding with the use of summary judgment where, as here, the district court is reviewing a decision of an administrative agency which is itself the finder of fact. In the former case, summary judgment is appropriate only when the court finds there are no factual issues requiring resolution by trial. In the latter case, summary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of the INS.

AFFIRMED.