STATE of Oklahoma ex rel. OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Frank B. KIRK, Respondent.

S.C.B.D. No. 3244.

Supreme Court of Oklahoma.

March 25, 1986.

———

ORDER

This matter is before this Court for imposition of final discipline as to respondent Frank B. Kirk.

On March 20, 1985, respondent entered a plea of nolo contendre to a charge of violation of 18 U.S.C. § 371—"Conspiracy to possess an identification document, other than one issued lawfully for the possessor, with intent to defraud the U.S....." As a result of this plea respondent was found guilty of the charge. This conviction was allowed to become final without appeal.

By order of May 6, 1985, respondent was suspended from the practice of law. Respondent was also ordered to show cause why final order of discipline should not then be entered. In this regard respondent requested a hearing in mitigation of discipline pursuant to 5 O.S. 1981 Ch. 1, App. 1–A, Rule 7.4.

Respondent has been afforded this hearing before a Panel of the Professional Responsibility Tribunal. The record of that hearing has been forwarded to this Court along with a recommendation from the Panel that respondent be disbarred. Complainant and respondent have additionally presented briefs in regard to the findings and recommendations of the Panel.

This Court is not bound by the findings of the Panel either as to findings of fact or recommendations of discipline.[1] We have therefore reviewed the entire record in this case as well as the briefs of the parties and conclude that respondent should be disciplined by being suspended from the practice of law for a period of five years from and after May 6, 1985.

Our review of the record indicates that respondent actively participated in a scheme which was designed to procure immigration documents for a client. This scheme consisted of presenting the client, a foreign national, to United States Immigration and Naturalization Service (I.N.S.) authorities as being legitimately married to a citizen of the United States for the purpose of securing a preference for an immigrant visa for that client. In doing this respondent had knowledge that the marriage was a sham and entered into solely for the purpose of securing this document. In

1. *State ex rel. Oklahoma Bar Asso. v. Hensley,*  560 P.2d 567 (Okla.1977).

spite of this knowledge respondent did not make known to the I.N.S. authorities the fraudulent nature of the marriage.

The authority for dealing with an application for preferential immigrant status is vested in the I.N.S.[2] However, the exercise of that authority is subject to judicial review.[3] We therefore view respondent's actions in this case as equivalent to the obstruction of this quasi-judicial process through the presentation of fraudulently produced evidence. Such actions bespeak contempt for those processes to which respondent, as an officer of the court, should owe his greatest respect.

At the hearing before the Panel, respondent was allowed to present evidence to explain his conduct in mitigation of discipline to be imposed.[4] Respondent argues that he has explained his conduct as being the result of negligence in getting involved in a field of law beyond his expertise and as negligence in failing to report the fraud to the authorities. We totally reject these arguments. We find these actions not to be merely negligent; we find them to be culpable.

Respondent also presented testimony that his service in the Viet Nam War had an effect upon his actions in this case. The record before us is utterly devoid of any competent evidence to establish a connection between this service and respondent's actions.

Respondent did present certain evidence which we do feel should be considered in mitigation of discipline. Respondent's evidence would show that this is a first time occurrence, and that he has fully complied with this Court's order of suspension. Respondent also presented testimony of several local attorneys who testified that they considered respondent to be a capable trial lawyer and an aggressive advocate for his clients. In *State ex rel. Oklahoma Bar Association v. Hensley*,[5] this Court stated:

In determining appropriate discipline for respondent's admitted unprofessional conduct, it is proper to consider his previous record concerning professional conduct, and we find that the recommendation of the trial authority should be modified in view of respondent's record and past decisions of this Court involving analogous situations. (footnote omitted)

Our review in this case reveals a case we find analogous to the present situation. In *State ex rel. Oklahoma Bar Association v. Harlton*,[6] this Court imposed a suspension of five years as discipline in a case where the respondent had pled guilty to a charge of concealing evidence. In that case this Court found that the respondent had acted as a personal accomodation to his client. In the present case respondent has argued that his actions were motivated, in part, by a desire to protect his client. In the present case respondent also accepted a fee for his services.

The nature of the criminal act in the present case is closely related to those of the acts in *Harlton*. In view of this similarity, and in view of the evidence that this was a first time episode of misconduct, we do not feel that disbarment is warranted. However, the gravity of respondent's actions require that respondent's license to practice law should be suspended for a not inconsiderable period of time. We therefore order that Frank B. Kirk be suspended from the practice of law in the State of Oklahoma for a period of five years from and after May 6, 1985.

The application of complainant to assess costs of transcript and of proceedings in this matter in the sum of *$810.44* is granted. Respondent Frank B. Kirk is directed to pay these costs within thirty days of the date this order becomes final.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 24th DAY OF MARCH, 1986.

**2.** *Madany v. Smith,* 696 F.2d 1008, 225 U.S.App. D.C. 53 (C.A.D.C.1983).

**3.** See, i.e. *Kaliski v. District Director of I.N.S.,* 620 F.2d 214 (9th Cir.1980).

**4.** See *State ex rel. O.B.A. v. Hamilton,* 274 P.2d 383 (Okla.1954).

**5.** 560 P.2d 567, 569 (Okla.1977).

**6.** 669 P.2d 774 (Okla.1983).

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE and OPALA, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.

WILSON and KAUGER, JJ., not participating.

