Angelita Fermin RAMILO, Plaintiff,

v.

DEPARTMENT OF JUSTICE, Defendant.

No. CIV. 97–00719 ACK.

United States District Court,
D. Hawaii.

May 20, 1998.

Angelita F. Ramilo, Pro Se.

John Aaron Murphy Jones, Honolulu, HI, for plaintiff.

Michael Chun, Office of the United States Attorney, Mary Reiko Osaka, Special Assistant United States Attorney, Honolulu, HI, for defendant.

### ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION

KAY, Chief Judge.

### STATEMENT OF FACTS

In March of 1994, petitioner Angelita Ramilo ("petitioner"), a naturalized U.S. citizen, filed a visa petition on behalf of her husband Roberto Castillo Ramilo ("Roberto") seeking to obtain a preferential immigrant visa pursuant to § 201(b)(2)(A)(i) of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1151(b)(2)(A)(i). On February 9, 1995, the district director of the Immigration and Naturalization Service ("INS") denied the visa petition.

On June 7, 1995, petitioner filed a second visa petition on behalf of Roberto which was approved on August 6, 1995. However, on October 25, 1995, the district director of the INS notified petitioner of his intention to revoke the approved visa petition based upon a prior fraudulent marriage entered into by Roberto for the purpose of obtaining immigration benefits. In 1984, Lisa Lynne Martinez ("Martinez") had attempted to procure preferential immigration status on behalf of Roberto.[1] The district director should deny a visa petition pursuant to § 204(c) of the INA upon a showing of a fraudulent marriage. § 204(c) states, in pertinent part:

> [N]o petition shall be approved if (1) the alien has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.

INA § 204(c); 8 U.S.C. § 1154(c). On November 8, 1995, petitioner requested an additional 30 days to respond to the notice of revocation. On February 12, 1996, after receiving no further response from petitioner, the INS revoked the approved visa petition pursuant to § 205 of the INA. § 205 provides that the Attorney General may, through the INS, revoke the approval of a visa petition

---

1. In investigating Martinez's petition for a preferential visa on behalf of Roberto, the district director found that Roberto had failed to establish dissolution of his previous marriage to Philippines citizen Erlinda Ilagan. In fact, in his attempt to obtain a visa, Roberto submitted two fraudulent death certificates for Ilagan to the INS. *See* Certified Record of Proceedings ("ROP"), exs. K, O, Q, R. On June 18, 1984, having determined that the marriage between Roberto and Martinez was fraudulent, the district director denied the Martinez visa petition.

for "good and sufficient cause." INA § 205; 8 U.S.C. § 1155.

Petitioner appealed the district director's decision to the Board of Immigration Appeals ("BIA") contending that § 204(c) of the INA, the marriage fraud restriction, did not bar Roberto insofar as it only applied to fraudulent marriages entered into after its November 10, 1986 enactment date. On May 27, 1997, the BIA dismissed petitioner's appeal finding that § 204(c) clearly applies to petitions filed on or after the November 10, 1986 enactment date, regardless of when the initial fraud took place. ROP, ex. A (citing to *Matter of Kahy*, 19 I & N Dec. 803 (BIA 1988)). On June 3, 1997, petitioner filed a notice of appeal of the BIA decision with this Court. On February 23, 1998, defendant Department of Justice ("defendant") filed the instant summary judgment motion. On April 14, 1998, petitioner opposed.[2] Defendant filed its reply on May 8, 1998. This matter came on for hearing on May 18, 1998.

### STANDARD OF REVIEW

The Attorney General may, at any time, revoke an approved visa petition[3] for "good and sufficient cause." INA § 205, 8 U.S.C. § 1155. A notice of visa revocation is properly issued for "good and sufficient cause" when "the evidence of record at the time of issuance, if unexplained and unrebutted, would warrant a denial of the visa petition based on the petitioner's failure to meet the requisite burden of proof." *Young v. Reno*, 931 F.Supp. 1495, 1499 (D.Haw.1996), *aff'd* 114 F.3d 879 (9th Cir.1997) (citing to *Matter of Li*, 1996 WL 424163, at *1–2).

The INA grants jurisdiction to district courts over the revocation of a visa petition. 8 U.S.C. § 1329 (1996) ("[t]he district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter."). Judicial review of a revocation is limited to the administrative record.

*Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir.1984).

A federal district court must affirm an INS denial of a preferential visa petition absent an abuse of discretion. *Kaliski v. District Director of INS*, 620 F.2d 214, 216 n. 1 (9th Cir.1980). The Supreme Court has recognized that statutory construction by those charged with its' administration is to be accorded substantial deference. *United States v. Rutherford*, 442 U.S. 544, 553, 99 S.Ct. 2470, 61 L.Ed.2d 68 (1979). If the construction is reasonable and not contrary to Congressional intent, then the agency's interpretation must be approved even if it is not the only reasonable interpretation. *Chevron U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Under this deferential standard, the INS's decision must be upheld unless it was based upon an improper understanding of the law. *Young v. Reno*, 114 F.3d 879, 883 (9th Cir.1997). Thus, the factual findings underlying the INS's decision need only be supported by substantial evidence, that is, evidence a reasonable mind would find adequate to support a conclusion. *Patel v. INS*, 811 F.2d 377, 382 & n. 11 (7th Cir.1987) (citation omitted); *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted).

### DISCUSSION

Petitioner sets forth two arguments contending that the INS abused its discretion in revoking Roberto's previously approved visa petition. First, petitioner claims that the INS' interpretation of the marriage fraud restriction contained in § 204(c) of the INA is arbitrary and capricious. Second, petitioner claims that the INS is precluded by law from revoking said petition.

---

2. In violation of Local Rules 7.5 and 56.1(b) Petitioner's counsel failed to file the requisite table of contents, table of authorities and concise statement of facts in opposition. The Court hereby sanctions petitioner's counsel $50.00 to be submitted forthwith payable to the Clerk of Court.

3. It is important to note that a visa petition is not the same thing as a visa. An approved visa petition is merely a preliminary step in the visa application process .... It does not guarantee that a visa will be issued, nor does it grant the alien any right to remain in the United States. *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir.1984).

## I. Revocation of An Approved Visa Petition Is Not Barred

■ The Court briefly addresses the latter argument first. Petitioner argues that the revocation of a previously approved visa petition is barred by the doctrine of res judicata. However, as properly noted by defendant, such revocations are expressly provided for under the INA. In fact, § 205 of the INA provides that the Attorney General may, at any time, revoke a visa petition upon a showing of "good and sufficient cause". INA § 205, 8 U.S.C. § 1155; *Tongatapu Woodcraft Hawaii, Ltd. v. Feldman*, 736 F.2d 1305, 1308 (9th Cir.1984). The INS properly issued its' notice of visa revocation when it discovered Roberto's fraudulent marriage. Petitioner next argues that § 205 of the INA is contrary to law, an argument the Court finds to be without merit. Congress was most certainly acting within its powers when it enacted § 205 of the INA.

Moreover, the Court notes that if any claim is potentially barred by the doctrine of res judicata, it is petitioner's attempt to contest the fraudulent nature of Roberto's marriage to Martinez. Indeed, on appeal to the BIA, petitioner's argument was limited to the scope and application of § 204(c) to fraudulent marriages that were entered into before November 10, 1986. The doctrine of claim preclusion, formerly known as res judicata, precludes litigation of a claim when: (1) the parties in the present action are identical to, or in privity with, the parties in a prior action; (2) the claim asserted in the present action was or could have been raised in that prior action; and (3) a final judgment on the merits was rendered in that prior action. *Pedrina v. Chun*, 906 F.Supp. 1377, 1399 (D.Haw.1995), *aff'd*, 97 F.3d 1296 (9th Cir. 1996), *cert. denied* —— U.S. ——, 117 S.Ct. 2441, 138 L.Ed.2d 201 (1997). The Court finds that petitioner could have contested the invalidity of the Martinez marriage during the BIA appeal but evidently chose not to do so. In fact, during a July 19, 1994 INS interview, Roberto admitted his fraudulent intent in marrying Martinez. Nevertheless, the Court proceeds to rule on the merits.

## II. The INS Properly Interpreted And Applied § 204(c) of the INA

■ A federal district court is compelled to affirm a final INS administrative decision on appeal absent abuse of discretion *Kaliski v. INS*, 620 F.2d at 216 n. 1. In *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, the Supreme Court set forth a two part test to review an agency's construction of a statute that it administers.

First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction of the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) (footnotes omitted).

■ The Court finds that Congress has spoken to the applicability of § 204(c). First, the enacting legislation provides that § 204(c) shall apply to visa petitions "filed on or after" November 10, 1986 irrespective of the time the initial fraud took place. Immigration Marriage Fraud Amend. of 1986, Pub.L. 99–369, 100 Stat. 3537. Second, the statute expressly provides that no visa shall be issued to an individual who has entered or attempted to enter a marriage to obtain immigration benefits. INA § 204(c); 8 U.S.C. § 1154(c).

The Court finds that the district director did not abuse his discretion in revoking Roberto's approved visa petition. The INS determined that Roberto's 1984 marriage to Lisa Martinez violated § 204(c) of the INA; the INS conclusion is supported by the requisite substantial evidence. *Ghaly v. INS*, 48 F.3d 1426, 1431 (7th Cir.1995). The INS investigation revealed that during the pendency of Martinez' 1984 visa petition on Ro-

berto's behalf, Roberto was living with and procreating with petitioner. Additionally, in support of Martinez's petition, Roberto submitted not one but two falsified death certificates to evidence termination of his marriage to Ilagan. Furthermore, as the Court has previously noted, Roberto *admitted* his fraudulent intent with respect to the Martinez marriage to an INS interviewer. Finally, the Court finds that the BIA properly determined that § 204(c) of the INA applies to petitions filed on or after its November 10, 1986 enactment date regardless of the date of initial fraud. *Ghaly v. INS,* 48 F.3d 1426 (holding that the INS acted within its discretion in revoking an approved visa petition upon finding that petitioner's first marriage in 1985 was fraudulent); *Matter of Kahy,* 19 I & N Dec. 803. The Court finds that the district director of the INS and the BIA properly acted within their discretion, thus revocation of the approved visa petition must be affirmed.

### CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's summary judgment motion.

IT IS SO ORDERED.