**Juan BUCIO–UC, aka Juan Mata Bucio, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–74323.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2006.*

Filed Dec. 21, 2006.

John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Song Park, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, GOULD, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Juan Bucio–Uc petitions for review of the Board of Immigration Appeals' affirmance of an order of deportation issued by an Immigration Judge. Because he raises a question of law, we have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). We deny the petition.

Under former INA § 321(a), a child could derive United States citizenship solely from his mother's naturalization if the child's father never legitimated paternity.[1] Whether Bucio–Uc's father legitimated paternity is governed by California law.[2] Under California law, Bucio–Uc's father clearly legitimated paternity.[3] Thus, Bucio–Uc did not derive United States citizenship solely from his mother's naturalization.

PETITION DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 8 U.S.C. § 1432(a)(3) (repealed by the Child Citizenship Act of 2000, Pub.L. No. 106–395, 114 Stat. 1631).

2. California law regarding legitimation applies even if the "legitimating acts occurred before either the father or son had any contact with California, as long as the father later established his domicile in California." *Kaliski v. I.N.S.*, 620 F.2d 214, 216 (9th Cir.1980).

3. *See* Cal. Fam.Code § 7611(c) (a man is presumed to be the natural father of a child if 1) after the child's birth, the father and the child's natural mother marry; and 2) with his consent, the father is named on the child's birth certificate). *See also Barthelemy v. Ashcroft*, 329 F.3d 1062, 1068 n. 5 (9th Cir.2003) (citing Cal. Fam.Code § 7611(d)) ("[a] father may legitimate a child born out of wedlock" by "receiving that child into his home and by holding out that child as his natural child").

