MEMORANDUM ***
Petitioner Mark Christopher Willkomm (Willkomm), a lawful permanent resident, challenges the BIA’s decision ordering his removal from the United States. Willk-omm, who was born out-of-wedlock in the Philippines and adopted as a young child, contends that he derived United States citizenship from his biological father.
1. Willkomm did not obtain United States citizenship under 8 U.S.C. § 1409(a) because he' was never properly legitimated under either the laws of the Philippines, the country of his birth, or California, the state where he and his biological father resided. Willkomm was not legitimated under Philippine law because his biological parents were not married at the time of his birth, and did not subsequently marry. He was not legitimated under California law because there is no evidence that he ever lived with his biological father in his biological father’s home. See Kaliski v. Dist. Director of INS, 620 F.2d 214, 216 (9th Cir.1980) (“'[T]he child must reside with the father at the time of legitimation.”).
2. Willkomm was not denied his equal protection rights. The same governmental interest articulated in Nguyen v. INS, 533 U.S. 53, 62-65, 121 S.Ct. 2053, 150 L.Ed.2d 115 (2001), supports the reasoning behind the original version of § 1409: ensuring that parents and children have an opportunity for a meaningful relationship. “The Constitution ... does not require that Congress elect one particular mechanism from among many possible methods of establishing paternity, even if that mechanism arguably might be the most scientifically advanced method.” Id. at 63, 121 S.Ct. 2053; see also Barthelemy *283 v. Ashcroft, 329 F.3d 1062, 1068 (9th Cir. 2003), as amended (recognizing that petitioner’s equal protection argument based on the gender of the legitimating parent was extinguished in Nguyen); United States v. Ahumada-Aguilar, 295 F.3d 943, 946 (9th Cir.2002) (rejecting an equal protection challenge to § 1409(a)).
3. Because Willkomm is not a United States citizen, he is subject to removal as an aggravated felon for possessing methamphetamine in violation of Cal. Health & Safety Code § 11378. Willk-omm conceded that if he was found removable, he would not be eligible for further relief. Because the Court of Appeals “lack[s] jurisdiction to review a final order of removal based upon an aggravated felony conviction” under 8 U.S.C. § 1252(a)(2)(C), Mandujano-Real v. Mukasey, 526 F.3d 585, 588 (9th Cir.2008), Willkomm’s petition is dismissed to the extent he seeks relief from removal.
PETITION DENIED IN PART AND DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.